Zhu v. Barr

BIA
Christensen, IJ
A206 311 555

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand nineteen.

PRESENT:
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

BO XING ZHU,
        *Petitioner,*

        v.                                         17-3526
                                                   NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Zhou Wang, *Esq.*, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Nancy Friedman,
                       Senior Litigation Counsel; Kevin
                       J. Conway, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bo Xing Zhu, a native and citizen of China, seeks review of an October 17, 2017 decision of the BIA affirming a February 22, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bo Xing Zhu,* No. A206 311 555 (B.I.A. Oct. 17, 2017), *aff'g* No. A206 311 555 (Immig. Ct. N.Y.C. Feb. 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the

2

applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Zhu was not credible as to his claim that police detained and beat him on account of his practice of Christianity at an unregistered church in China or as to his practice of Christianity in the United States.

In support of its adverse credibility finding, the agency reasonably relied on the inconsistencies in Zhu's statements at his credible fear interview and in the testimony he gave at his hearing regarding his church attendance practices in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). As an initial matter, the interview record was reliable since it was conducted with an interpreter; it was memorialized in a typewritten question and answer format; the questions posed were designed to elicit details of Zhu's asylum claim; and

Zhu's responses indicated that he understood the questions. *See Ming Zhang*, 585 F.3d at 724-25. Next, at his interview, Zhu stated that he first attended church on April 14, 2013, and that, after that date, he attended church regularly, on Sundays, every week. His additional statements also implied that he attended regularly, describing how he first went to church gatherings but later attended a church built by the pastor. However, he later stated at his interview, and testified at his hearing, that he attended a church gathering in China only once. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ was not compelled to credit his explanation for the inconsistency that, at his credible fear interview, he was nervous. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *cf. Ming Zhang*, 585 F.3d at 722 (noting that an applicant's assertion of nervousness or fear during an airport interview does not overcome a record of a sworn statement that has been deemed sufficiently reliable).

The agency also reasonably relied on the inconsistencies

4

in Zhu's evidence regarding how often he has attended church in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zhu testified that, in the United States, he attended church twice a month over a period of approximately three years. A certificate produced by his church, however, described his attendance as closer to one time each month. He did not compellingly explain this inconsistency. *See Majidi*, 430 F.3d at 80.

The agency also reasonably relied on its determination on the implausibility of several aspects of Zhu's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, despite statements in letters from his mother, sister, and friend averring that police were "hunt[ing]" for him "everywhere," Zhu admitted that he was able to leave China from his Province's airport using his own passport. *See Ying Li v. BCIS*, 529 F.3d 79, 82-83 (2d Cir. 2008) (noting implausibility of applicant's assertion that she "successfully quit the country using her own passport (despite allegations of nationwide persecution)"). The agency also reasonably found it implausible that Zhu did not know if his parents, in China, continued to attend the same church that he had attended, despite his testimony that he spoke to them two or three times

5

a week for years, and despite having asked his mother to prepare a letter corroborating his claim of religious persecution. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility in applicant's story if the "finding is tethered to record evidence" or based on common sense (citing *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007))). Zhu did not compellingly explain away these implausible statements. *See Majidi*, 430 F.3d at 80.

Having questioned Zhu's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably declined to afford weight to unsworn letters from Zhu's mother, sister, and friend, because the authors were interested and unavailable for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to

6

agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family did not provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Further, Zhu failed to proffer testimony from anyone to corroborate his statements regarding his church attendance in the United States.

Given these inconsistencies, the implausible aspects of his claim, and the absence of sufficient reliable corroboration, we conclude that the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of Zhu's claims for asylum, withholding of removal, and CAT relief, because all three rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

7

that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition

is DISMISSED as moot.  Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule

34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court